USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
:
IN RE: METHYL TERTIARY BUTYL :
ETHER ("MTBE") PRODUCTS : **MEMORANDUM OPINION**
LIABILITY LITIGATION : **AND ORDER**
------------------------------------------------------ :
:
: Master File No. 1:00-1898
**This document relates to:** : MDL 1358 (SAS)
: M21-88
*Orange County Water District v. Unocal* :
*Corporation, et al.*, 04 Civ. 4968 :
:
------------------------------------------------------ X

SHIRA A. SCHEINDLIN, U.S.D.J.:

On June 6, 2014, certain defendants in this action moved for partial summary judgment on claims brought by the Orange County Water District ("the District") at four designated focus trial sites, alleging that the District suffered no compensable injury or cognizable damages at those trial sites (the "Trial Sites Motion").[1] Also on June 6, 2014, all defendants moved for summary judgment on various grounds on all of the District's remaining claims (the "Omnibus Motion").[2]

---

[1]  *See generally* Memorandum of Law of Defendants Atlantic Richfield Company, BP West Coast Products LLC, BP Products North America, Inc., Arco Chemical Company, Lyondell Chemical Company, Shell Oil Company, Equilon Enterprises LLC, Texaco Refining and Marketing Inc., Union Oil Company of California, Valero Marketing and Supply Company, Valero Refining Company–California, and Ultramar Inc. in Support of Their Motion for Summary Judgment Due to Lack of Injury and Damages at Certain Trial Sites.

[2]  *See generally* Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment. Several defendants who joined in

I have yet to rule on either of these two motions. In opposing these motions, the District relies on a declaration by its fate and transport modeling expert, Dr. Stephen Wheatcraft.[3] Defendants now move to strike Dr. Wheatcraft's declaration, arguing that I should ignore the declaration for summary judgment purposes because it contradicts Dr. Wheatcraft's prior deposition testimony.[4] For the following reasons, defendants' motion to strike is denied.

Defendants contend that I must disregard Dr. Wheatcraft's declaration because it creates a "sham issue of fact." The Second Circuit has emphasized that "a sham issue of fact exists only when the contradictions in an expert witness's

---

one or both of these motions are no longer parties to the District's action pursuant to my September 16, 2014 order granting summary judgment on res judicata grounds as to these defendants, barring the District's claims against them. Separately, in response to recent letters exchanged between counsel for the District and counsel for defendant Lyondell Chemical Company, I clarify here that the District's claims against Lyondell, with which the District purports to have reached a settlement, remain active in this matter and subject to dismissal on summary judgment until the formal settlement is completed and approved.

[3]   *See generally* 7/21/14 Declaration of Stephen W. Wheatcraft, Ph.D., expert witness for the District, in Support of Plaintiff's Opposition to Motion for Summary Judgment ("Wheatcraft Decl.").

[4]   *See generally* Defendants' Objection to and Motion to Strike the Declaration of Stephen Wheatcraft Submitted in Opposition to Defendants' Motions for Summary Judgment ("Mot. to Strike").

testimony are inescapable and unequivocal in nature."[5] Courts strike sham affidavits or declarations because "a deposition of a witness, subject to cross-examination, is generally more reliable than an affidavit [or declaration] submitted to oppose a summary judgment motion."[6]

On January 16 and 17, 2012, Dr. Wheatcraft gave sworn deposition testimony in this matter.[7] During those two days, he answered many questions regarding his ability to trace MTBE releases from specific stations to production wells.[8] Dr. Wheatcraft stressed that he and his team had not "performed any analysis to look at any *individual* station as to . . . what the pathway is from that

---

[5]  *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 194 (2d Cir. 2013) *cert. denied,* 133 S. Ct. 2783 (2013) (citation omitted).

[6]  *Hayes v. New York City Dep't of Corrs.*, 84 F. 3d 614, 619 (2d Cir. 1996) (citing *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)).

[7]  *See generally* 1/16/14-1/17/14 Deposition of Stephen W. Wheatcraft, Ph.D., expert witness for the District ("Wheatcraft Dep."), Ex. 73 to 6/6/14 Declaration of Whitney Jones Roy, counsel for defendants, in Support of Defendants' Motion for Summary Judgment ("Roy Decl."); Wheatcraft Dep., Exs. 3 and 4 to 8/25/14 Declaration of Michael Axline, counsel for the District, in Support of Plaintiff Orange County Water District's Opposition to Defendants' Objection to and Motion to Strike the Declaration of Stephen Wheatcraft Submitted in Opposition to Defendants' Motions for Summary Judgment ("Axline Decl.") (defendants and the District each submitted separate collections of excerpts from Dr. Wheatcraft's two days of sworn deposition testimony).

[8]  *See generally* Wheatcraft Dep., Ex. 73 to Roy Decl.

station to any ultimate well."[9] However, Dr. Wheatcraft also stated repeatedly throughout his deposition that he created his fate and transport model using information regarding MTBE releases from each of the trial sites at issue in this action – and only from those trial sites.[10] In essence, Dr. Wheatcraft represented consistently that information regarding the MTBE releases at all of the trial sites, including those at issue in the Trial Sites Motion, factored into his model, which posits that releases from all of the stations contributed to form an MTBE mass "moving from these stations . . . towards the wells and, in some cases, having reached the wells."[11]

Dr. Wheatcraft's declaration is not an "inescapable and unequivocal" contradiction of his deposition testimony.[12] In his declaration, he states:

---

[9] *Id.* at 405:19-405:21 (emphasis added). Dr. Wheatcraft gave nearly identical responses to similar questions throughout his deposition. *See generally id.*; Wheatcraft Dep., Ex. 4 to Axline Decl.

[10] *See, e.g.*, Wheatcraft Dep., Ex. 3 to Axline Decl., at 120:18-120:22 ("The mass that was introduced in our model came from those 34 sites and the monitoring – and the concentrations from the monitoring wells on and around those sites. And those were the only ones that we considered."); *id.* at 127:10-127:22 (stating that Dr. Wheatcraft "examined data for each and every one" of the sites to generate "42,000 individual concentration data points," which were "directly used in terms of coming up with a mass – mass loading calculations").

[11] Wheatcraft Dep., Ex. 4 to Axline Decl., at 374:19-374:21.

[12] *In re Fosamax*, 707 F.3d at 194.

> A separate MTBE source term for each of the focus plume stations was added to the model at the location of the station. The source term for each focus plume station was calculated using actual data from MTBE detections in monitoring wells located at or associated with each individual focus plume station. . . . The MTBE source term thus represents the MTBE released to groundwater from each individual focus plume station through the aquifer to production wells within the District's service area, *although the model does not isolate each station.*[13]

Defendants read this paragraph, and several others in Dr. Wheatcraft's declaration, to indicate that Dr. Wheatcraft could track MTBE from individual stations to production wells, an ability defendants allege Dr. Wheatcraft disclaimed in his deposition.[14] Defendants' argument fails, though, because Dr. Wheatcraft's declaration does not directly contradict his deposition testimony. His declaration states that his model does not isolate each station, and at his deposition he described his method of incorporating information about releases from all of the trial sites into his model. To be sure, Dr. Wheatcraft's declaration is tailored to defendants' summary judgment motions. However, the declaration does not flatly contradict anything that Dr. Wheatcraft said at his deposition. Accordingly, the declaration does not create a sham issue of fact. Whether the alleged issue of

---

[13] Wheatcraft Decl. ¶ 4 (emphasis added).

[14] *See generally* Mot. to Strike.

material fact is sufficient to defeat defendants' summary judgment motions will be addressed in a separate opinion.

For the foregoing reasons, defendants' motion to strike is DENIED. The Clerk of the Court is directed to close the motion (Doc. No. 418).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            September 22, 2014

## - Appearances -

| **Liaison Counsel for Plaintiffs:** | **Liaison Counsel for Defendants:** |
|---|---|
| Robin Greenwald, Esq.<br>Robert Gordon, Esq.<br>Weitz & Luxenberg, P.C.<br>180 Maiden Lane<br>New York, NY 10038<br>(212) 558-5500 | Peter John Sacripanti, Esq.<br>James A. Pardo, Esq.<br>McDermott Will & Emery LLP<br>50 Rockefeller Plaza, 11th Floor<br>New York, NY 10020<br>(212) 547-5583 |
| **Counsel for the District:** | **Counsel for Defendants:** |
| Michael Axline, Esq.<br>Miller, Axline, & Sawyer<br>1050 Fulton Avenue, Suite 10<br>Sacramento, CA 95825<br>(916) 488-6688 | Jeffrey J. Parker, Esq.<br>Whitney Jones Roy, Esq.<br>Sheppard, Mullin, Richter & Hampton LLP<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071<br>(213) 620-1780 |